UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BEATRIZ ALICIA MORLETT HUERTA, | Case No. 2:19-CV-713 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| W & W PARTNERSHIP, et al., | |
| Defendant(s). | |

Presently before the court is defendant Walmart Inc.'s ("Walmart") motion to dismiss co-defendant W & W Partnership ("W & W"). (ECF No. 5).[1] Plaintiff Beatriz Huerta ("plaintiff") filed a response (ECF No. 8), to which defendant replied (ECF No. 11).

Also before the court is plaintiff's motion to remand to state court. (ECF No. 9). Walmart filed a response (ECF No. 12), to which plaintiff replied (ECF No. 13).

**I.   Background**

The instant action arises from a slip-and-fall incident. (ECF No. 1-2). On July 22, 2017, plaintiff was shopping at the Walmart's store located at 3615 S. Rainbow Blvd, Las Vegas, Nevada. *Id.* at 3. Walmart owns and operates the store. *Id.* W & W is the landlord. *Id.* Plaintiff slipped and fell on a "foreign substance left unmarked and unattended on the floor" of aisle #18. *Id.* As a result, plaintiff "suffered injuries to her body" that required medical treatment. *Id.* at 3–4. Plaintiff brought the instant action against Walmart and W & W for negligence and negligent hiring, training, retention, and supervision. *See generally id.*

---

[1] Although Walmart requests oral argument, Local Rule 78-1 provides that "[a]ll motions may be considered and decided with or without a hearing." LR 78-1. The court finds that oral argument is not necessary to adjudicate Walmart's motion.

**James C. Mahan**
**U.S. District Judge**

## II.     Legal Standard

### A.  Motion to dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### B. Remand

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not

1  charged with notice of removability "until they've received a paper that gives them enough
2  information to remove." *Id.* at 1251.

3  Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's
4  receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts
5  necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty
6  Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day
7  clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion,
8  order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28
9  U.S.C. § 1446(b)(3)).

10  A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. §
11  1447(c). On a motion to remand, the removing defendant must overcome the "strong
12  presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d
13  at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this
14  strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of
15  remand to state court. *Id.*

16  **III.  Discussion**

17  The doctrine of fraudulent joinder is dispositive of both the motion to dismiss and the
18  motion to remand. If plaintiff fraudulently joined W & W to defeat or avoid diversity
19  jurisdiction, then both dismissal and removal are appropriate. If plaintiff stated a plausible claim
20  for relief against W & W, then neither dismissal nor removal are appropriate. Accordingly, the
21  court will consider the motions together.

22  "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey
23  v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). "Fraudulent
24  joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant,
25  and the failure is obvious according to the settled rules of the state, the joinder of the resident
26  defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).
27  "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc.
28  v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

James C. Mahan
U.S. District Judge

- 4 -

Plaintiff correctly argues that "[a] court must view all factual allegations in the complaint as true and draw all inferences in favor of the non-moving party." (ECF No. 8 at 3) (citation omitted). Plaintiff further argues that "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Id.* at 5. The Ninth Circuit has clarified the tension between Rule 12(b)(6) and the fraudulent joinder doctrine as follows:

> In deciding whether a cause of action is stated we have declared that [the court] will look only to a plaintiff's pleadings to determine removability. And, we have commented that [the court] will determine the existence of federal jurisdiction solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings. At least that is true when there has not been a fraudulent joinder. Where fraudulent joinder is an issue, [the court] will go somewhat further. The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.

*Ritchey*, 139 F.3d at 1318 (internal citations, alterations, ellipses, and quotation marks omitted). Thus, the ordinary Rule 12(b)(6) procedure notwithstanding, "a removing defendant [can] submit facts showing that a resident defendant ha[s] 'no real connection with the controversy.'" *Id.* (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

The Nevada Supreme Court has unambiguously held that "once a lessee has taken possession of property, the landlord is not subject to liability to others coming onto the land, for physical harm caused by a dangerous condition on the premises." *Wright v. Schum*, 781 P.2d 1142, 1143 (Nev. 1989) (quoting *Turpel v. Sayles*, 692 P.2d 1290 (Nev. 1985)) (alteration omitted).

Plaintiff moves to remand to state court because W & W's presence in this litigation destroys diversity jurisdiction. (ECF No. 9). Plaintiff is undisputedly a resident of Clark County, Nevada. (ECF Nos. 1; 9). W & W is undisputedly a Nevada partnership. *Id.* The parties do not dispute that W & W is the landowner in this case. (*See, e.g.*, ECF Nos. 9 at 5; 13 at 4). Similarly, the parties do not dispute that Walmart owns and operates the store. (ECF No. 8 at 8). Thus, plaintiff is correct that remand is necessary only if W & W is properly named as a defendant in the instant action.

James C. Mahan
U.S. District Judge

- 5 -

Plaintiff contends that she stated a plausible claim for relief against W & W. Plaintiff alleged that "W & W and/or Walmart owned, operated, maintained, controlled, serviced, managed, occupied, and/or assumed liability of the location where [p]laintiff slipped and fell." *Id.*; (*see also* ECF No. 1-2 at 4 ("W & W and/or [d]efendant Walmart was in control of the [p]remises . . . .")). But Walmart presents evidence to show that W & W has no real connection with the instant controversy. (ECF Nos. 5; 9). Walmart points out that plaintiff alleges her slip-and-fall was caused by a foreign substance on the floor. (ECF No. 5 at 6); (*see* ECF No. 1-4 at 3). The foreign substance is a dangerous condition on the premises, for which the lessee—Walmart—takes responsibility. *See Wright*, 781 P.2d at 1143.

Not only is this supported by Nevada law, it is explicitly conceded by Walmart and W & W's lease agreement. (*See* ECF No. 5 at 6–7); (*see also* ECF No. 5-4). In the lease's exculpatory provision, Walmart has a duty to "maintain[] 'the exterior and interior portions and structural elements of the [store] and the appurtenances thereto and any improvements on the [p]remises, including without limitation the . . . walls and floor . . . .'" (ECF No. 5 at 7 (quoting ECF No. 5-4)). Thus, Walmart contends that its "own admission in its [a]nswer to [p]laintiff's [c]omplaint, as well as the express language contained [in] the attached [l]ease [a]greement, make clear that W & W had no right of control or supervision of operations at the subject [s]tore." (ECF No. 9 at 6).

In response, plaintiff argues that court must accept the allegations in her complaint as true and that, when taken as true, her allegations are enough to survive a motion to dismiss. (*See generally* ECF No. 8). However, plaintiff ignores the fact that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Further, the Supreme Court has expressly stated that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

To state a negligence claim, plaintiff must allege that W & W owed her a duty, which necessarily requires that W & W had control over the premises. Thus, the court finds that plaintiff's allegations regarding W & W's control of the store are legal conclusions that are not

entitled to the assumption of truth. Plaintiff must allege facts that show W & W had control over the premises and, as a result, owed her a duty.

Plaintiff does not allege such facts, nor can she, in light of the lease agreement between Walmart and W & W. Walmart is entitled to present evidence to prove that plaintiff named W & W in this suit in order to defeat diversity jurisdiction, so the court may properly consider the lease agreement. *See Ritchey*, 139 F.3d at 1318. Simply alleging W & W's control over the store does not overcome the reality of the lease. Nor can plaintiff's cursory allegations overcome Nevada law holding that the lessee, not the landlord, is responsible for dangerous conditions on the premises. *See Wright*, 781 P.2d at 1143.

Accordingly, the court finds that W & W does not have control over Walmart's store. Plaintiff cannot successfully allege—let alone prove—otherwise. Walmart's motion to dismiss is granted, and W & W is dismissed with prejudice. Because W & W is dismissed from this action, the court has diversity jurisdiction over the case, and plaintiff's motion to remand is denied.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss co-defendant W & W (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that W & W is DISMISSED from this action with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to remand to state court (ECF No. 9) be, and the same hereby is, DENIED.

DATED November 19, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -