UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BEATRIZ ALICIA MORLETT HUERTA, | Case No. 2:19-CV-713 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| W & W PARTNERSHIP, et al., | |
| Defendant(s). | |

Presently before the court is defendant Walmart, Inc.'s motion for summary judgment. (ECF No. 29). Plaintiff Beatriz Alicia Morlett Huerta responded in opposition, (ECF No. 34), to which Walmart replied, (ECF No. 37).

Also before the court is plaintiff's motion for partial summary judgment. (ECF Nos. 31, 32, 33). Defendant responded, (ECF No. 35), to which plaintiff replied, (ECF No. 38).

I.      BACKGROUND

On July 22, 2017, plaintiff slipped and fell in an aisle of a Walmart store due to a "foreign substance left unmarked and unattended on the floor." (ECF No. 1). Surveillance footage of the aisle shows that the substance was spilled by another customer approximately a minute before plaintiff slipped. (ECF No. 29).

On December 20, 2018, plaintiff commenced this action against defendants Walmart and W&W Partnership in Nevada state court, alleging two claims: 1) "negligence/premise liability" and 2) "negligent hiring, training, retention and supervision." (ECF No. 1). Defendant Walmart subsequently removed to this court. (*Id*.). W&W Partnership was dismissed on November 18, 2019. (ECF No. 19).

James C. Mahan
U.S. District Judge

1    Defendant Walmart now moves for summary judgment on plaintiff's first claim, because

2    plaintiff "cannot prove actual notice" and "cannot establish that Walmart had constructive notice

3    of the alleged hazardous condition." (ECF No. 29).

4    **II.    LEGAL STANDARD**

5    Summary judgment is proper when the record shows that "there is no genuine dispute as

6    to any material fact and the movant is entitled to a judgment as a matter of law." [1]  Fed. R. Civ.

7    P. 56(a).  The purpose of summary judgment is "to isolate and dispose of factually unsupported

8    claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid

9    unnecessary trials on undisputed facts.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d

10   1468, 1471 (9th Cir. 1994).

11   When the moving party bears the burden of proof on a claim or defense, it must produce

12   evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at

13   trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

14   (internal citations omitted).  In contrast, when the nonmoving party bears the burden of proof on

15   a claim or defense, the moving party must "either produce evidence negating an essential

16   element of the nonmoving party's claim or defense or show that the nonmoving party does not

17   have enough evidence of an essential element to carry its ultimate burden of [proof] at trial."

18   *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

19   If the moving party satisfies its initial burden, the burden then shifts to the party opposing

20   summary judgment to establish a genuine dispute of material fact.  *See Matsushita Elec. Indus.*

21   *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A dispute is "genuine" if there is a

22   sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party

23   and a fact is "material" if it could affect the outcome of the case under the governing law.

24   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

25   _____

26   [1] Information contained in an inadmissible form may still be considered on summary
     judgment if the information itself would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d
27   1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir.
     2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in
28   a form that would be admissible at trial, as long as the party satisfies the requirements of Federal
     Rules of Civil Procedure 56.")).

1   The opposing party does not have to conclusively establish an issue of material fact in its

2   favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

3   But it must go beyond the pleadings and designate "specific facts" in the evidentiary record that

4   show "there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. It must show that a judge or

5   jury is required to resolve the parties' differing versions of the truth. *T.W. Elec. Serv.*, 809 F.2d

6   at 630.

7       The court must view all facts and draw all inferences in the light most favorable to the

8   nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp.*

9   *v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The court's role is not to weigh

10  the evidence but to determine whether a genuine dispute exists for trial. *Anderson*, 477 U.S. at

11  249.

12  III.   **DISCUSSION**

13      Walmart argues that plaintiff "can produce no evidence whatsoever supportive of a

14  finding that Walmart had actual or constructive notice of the alleged hazardous condition . . .

15  [thus, negating the element of] breach of duty." (ECF No. 29).

16      A claim for negligence requires: 1) defendant's duty of care to plaintiff; 2) breach of that

17  duty; 3) causation; and 4) damages. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221

18  P.3d 1276, 1280 (Nev. 2009). Walmart is not liable for *every* accident that occurs within its

19  store, because it is "not an insurer of the safety of a person on the premises." *Sprague v. Lucky*

20  *Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). Instead, defendant "owes its patrons a duty to keep

21  the premises in a reasonably safe condition for use." *Id.*

22      Plaintiff alleges that, when "she walked through aisle #18 of the [store,] she suddenly

23  slipped and fell hard to the floor . . . as a result of a foreign substance left unmarked and

24  unattended on the floor" (the "subject condition"). (ECF No. 1). When a foreign substance is

25  identified as the alleged cause of a slip-and-fall, the source of that substance controls liability.

26  *Sprague*, 849 P.2d at 322. If this foreign substance existed as a result of Walmart agents' or

27  employees' conduct, then Walmart may be liable if it had notice of the subject condition.

28  *Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 175 (Nev. 1962). But if this foreign substance

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  resulted from "the acts of persons other than [Walmart's] agents or employees," defendant is
2  liable only if it had actual or constructive notice of the subject condition. *Id.* at 509-510; *see also*
3  *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012).

4      Here, the source of the foreign substance is undisputed. Video surveillance footage
5  shows that another Walmart patron held and then dropped a bottle of liquid on the ground
6  between 11:37 and 11:38 a.m. (ECF No. 29). Neither party asserts that the patron who caused
7  the subject condition was a Walmart agent or employee. (ECF Nos. 29, 34). Therefore,
8  defendant is liable only if it had either actual or constructive notice of the foreign substance.

9      Plaintiff presents no evidence to support its assertion that defendants, its agents, or its
10 employees knew of the spilled juice in aisle #18 prior to plaintiff's slip-and-fall. (ECF. No. 34).
11 Indeed, the uncontroverted evidence—particularly, surveillance footage—shows that the juice
12 was spilled approximately a minute before plaintiff's fall. (ECF Nos 29, 34).

13     Plaintiff responds that a "stocking cart [left] . . . in the middle of aisle 18" constituted the
14 danger involved in the alleged slip-and-fall. (ECF No. 34). However, the stocking cart was not
15 mentioned in plaintiff's allegations nor previously presented as related to plaintiff's fall. (ECF
16 No. 1). This court is unpersuaded by plaintiff's extensive arguments as to the stocking cart,
17 which this court finds did not represent an "unreasonable hazard." *See Wagon Wheel v.*
18 *Mavrogan*, 369 P.2d 688 (Nev. 1962); *see also Dae Kon Kwon v. Costco Wholesale Corp.*, 469
19 Fed. Appx. 579 (9th Cir. 2012).

20     Plaintiff fails to show that Walmart had actual or constructive notice of the "foreign
21 substance" constituting the subject condition allegedly causing her slip-and-fall. (ECF No. 29).
22 The record is devoid of evidence that allows an inference that defendant lacked actual notice of
23 the subject condition prior to plaintiff's fall. The uncontroverted evidence negates the second
24 element—breach of duty. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276,
25 1280 (Nev. 2009).

26     Thus, this court grants defendant's motion for summary judgment on plaintiff's claim of
27 negligence. (ECF No. 29). Consequently, plaintiff's motion for partial summary judgment on
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    the question of whether defendant created a dangerous condition due to the stocking cart is

2    denied as moot.  (ECF No. 31).

3    **IV.    CONCLUSION**

4          Accordingly,

5          IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

6    summary judgment (ECF No. 29) be, and the same hereby is, GRANTED.

7          IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment (ECF

8    No. 31) be, and the same hereby is, DENIED as moot.

9          DATED March 26, 2021.

10

11                                         UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**